IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

THE BANK OF NEW YORK MELLON,

    Plaintiff,

v.                                                 Adversary Case No. 19-1020

251 GOTHAM LLC,

    Defendant.

ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

This case is before the court on the motion (doc. 15) for leave to file second amended complaint by the plaintiff The Bank of New York Mellon ("the Bank"). The background underlying this case is set forth in the court's order (doc. 4) denying the motion to dismiss filed by the defendant 251 Gotham LLC ("251 Gotham"). The Bank requests leave to amend to add two defendants – Kathy LaFortune and James Padilla – and to "assert an additional cause of action [against the added parties] for relief under section 105(a) of the Bankruptcy Code to prevent an abuse of process." (*See* motion for leave, doc. 15, at pp. 1-2). The parties have fully briefed the motion to leave. Having carefully reviewed the briefing and the relevant law, and for the reasons discussed below, the court grants the motion.

Analysis

Under Federal Rule of Civil Procedure 15 (made applicable by Federal Rule of Bankruptcy Procedure 7015), "a party may amend its [complaint]" with "the court's leave." *See* Fed. R. Civ. P. 15(a)(2). "The determination of whether to grant leave to amend . . . is within the sound discretion of" this court. *See Pine Props., Inc. v. Am. Marine Bank*, 156 F. App'x 237, 240 (11th Cir. 2005). But the court "should freely give leave . . . 'when justice so requires.'" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (quoting Fed. R. Civ. P.

15(a)(2)); *see also City of Miami v. Citigroup Inc.*, 801 F.3d 1268, 1277 (11th Cir. 2015) (the court's discretion to decide a motion for leave "is strictly circumscribed by Rule 15(a)(2) . . . , which instructs that leave to amend should be freely given when justice so requires") (citation, quotation marks, and brackets omitted); *Pearson v. Experian*, No. 1:19-CV-204-WKW-SMD, 2019 WL 2158859, at *1 (M.D. Ala. Apr. 24, 2019) ("courts should liberally grant leave to amend to allow parties to have their claims adjudicated on the merits"). "'Unless a substantial reason exists to deny leave to amend, the discretion of the [trial c]ourt is not broad enough to permit denial.'" *Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (citation and brackets omitted).

The "court may consider several factors when deciding whether to grant a motion to amend, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amended, and futility of amendment." *See Perez*, 774 F.3d at 1340-41 (citation, quotation marks, ellipses, and brackets omitted). The court discusses each factor below.

<u>Undue delay, failure to cure deficiencies by amendments previously allowed, and undue prejudice</u>

This action is still in its early stages. The Bank filed its first amended complaint as a matter of right less than 2 weeks after filing this case; this is the first amendment for which leave is required. This is not a situation where the court has allowed numerous amendments and the plaintiff has repeatedly failed to "get it right." Under these circumstances, the court will not deny leave based on undue delay or repeated failure to cure deficiencies. *See, e.g.*, *Campbell v. Allstate Ins.*, No. 08-0722-KD-B, 2009 WL 10704735, at *1-2 (S.D. Ala. May 20, 2009); *C.M. Life Ins. Co. v. Ruble*, No. 1:16-CV-3834-ODE, 2017 WL 3508736, at *2 (N.D. Ga. Feb. 2, 2017).

2

The Bank is not adding any new causes of action against 251 Gotham. The court is not persuaded by 251 Gotham's arguments with respect to undue prejudice, which essentially mirror the arguments the court already rejected in denying 251 Gotham's motion to dismiss.

Futility

Regarding Padilla, as discussed in the court's order denying motion to dismiss, Padilla's interest in the Property was property of the bankruptcy estate at the time Padilla transferred his interest in the Property to 251 Gotham. Padilla had an ongoing duty throughout his bankruptcy to disclose property of the estate, but he never disclosed the Property. Because the second amended complaint seeks a declaratory judgment that the transfer of Padilla's interest in the Property to 251 Gotham was void, the court will allow the addition of Padilla to this case. *See, e.g.*, *In re Zeman*, No. 09-52559-C, 2010 WL 3123144, at *2 (Bankr. W.D. Tex. Aug. 6, 2010) (disposition of property "without prior court approval . . . may be unwound as invalid").

The Bank also seeks to add LaFortune and to assert a claim for monetary damages and other relief against LaFortune and Padilla based on Bankruptcy Code § 105. "A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (citation omitted). 251 Gotham, as the party "advocating denial of the amendment based on futility grounds, bear[s] a heavy burden of showing that the proposed amendment is clearly futile." *See SE Prop. Holdings, LLC v. Center*, No. 15-0033-WS-C, 2016 WL 1369543, at *3 (S.D. Ala. Apr. 6, 2016). "To be properly rejected on futility grounds, a proposed amendment must be so lacking in merit that the complaint as amended 'would necessarily fail.'" *Buchanan v. Skinner*, No. 14-0105-WS-C, 2014 WL 5093057, at *3 (S.D. Ala. Oct. 10, 2014) (citation omitted).

3

The court is not willing to say at this juncture that the claims in the second amended complaint would necessarily fail, especially where none of the added claims are against 251 Gotham, the party opposing amendment. The court wants to make clear that this order is <u>not</u> an endorsement of or a ruling on the merits of any of the claims, including the § 105 claims. The court is especially skeptical of the Bank's request for the court to prohibit reconveyance of the Property, even though neither LaFortune nor Padilla are still in bankruptcy.[1] However, recognizing that leave to amend is to be freely given, the court prefers to decide this case on the merits.

<u>Bad faith or dilatory motive</u>

251 Gotham argues that there is bad faith or dilatory motive because during the pendency of Padilla's bankruptcy, the Bank represented to the bankruptcy court that there was little to no equity in the Property. Whether there is equity in the Property does not affect the issue of whether the transfer of the Property was void, because the disposition of an undisclosed asset of the estate without court approval would be void regardless of any equity.

The court also does not find bad faith or dilatory motive based on the fact that the Bank originally included Padilla and LaFortune as defendants in its original complaint but then removed them in its first amended complaint. The court itself raised in its order on the motion to dismiss whether at least Padilla was a necessary party to this action. The court is not persuaded that the amendment is being sought for some improper motive.

---

[1] The court also questions, without deciding at this stage, whether it has jurisdiction over the claims against LaFortune based on her closed bankruptcy case.

4

Conclusion

To the extent the court has not specifically addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. For the reasons discussed above, the court grants the motion (doc. 15) for leave to file second amended complaint by the plaintiff The Bank of New York Mellon. The Bank shall immediately file its second amended complaint within 3 business days from the date of this order.

Dated: August 5, 2019

_____
HENRY A. CALLAWAY
CHIEF U.S. BANKRUPTCY JUDGE