UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATION OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-J2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-J2,<br><br>*Plaintiff*,<br>v.<br><br>251 GOTHAM LLC, KATHY LAFORTUNE, JAMES F. PADILLA,<br><br>*Defendants*. | BANKR. ADV. PRO. NO. 19-1020<br><br><br>(U.S. DISTRICT COURT CIVIL ACTION NO. 19-cv-00010-WS)[1] |

## SECOND AMENDED COMPLAINT FOR DECLARATORY AND RELATED RELIEF

Plaintiff The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certification of CWALT, Inc., Alternative Loan Trust 2007-J2, Mortgage Pass-Through Certificates, Series 2007-J2 ("Plaintiff") files this *Second Amended Complaint for Declaratory and Related Relief* (this "Complaint") and states as follows:

## I.
## INTRODUCTION

1. This Complaint seeks a declaratory judgment and related relief declaring that Defendant Kathy LaFortune ("LaFortune") and Defendant James F. Padilla ("Padilla") lacked the ability or authority to convey real property located at 251 Gotham Avenue, Elmont, NY 11003 (the "Property") to Defendant 251 Gotham LLC ("251 Gotham" and collectively with LaFortune

---

[1] Plaintiff filed this action in the United States District Court for the Southern District of Alabama where it was assigned Case No. 19-cv-00010-WS. On April 19, 2019, the District Court entered an order referring this action to the United States Bankruptcy Court for the Southern District of Alabama and it was assigned Adversary Proceeding No. 19-1020. Accordingly, both case numbers are identified in the case caption.

1

and Padilla, the "Defendants") and that the purported conveyance of that Property is null and void and of no legal effect. This Complaint also seeks contempt sanctions from LaFortune and Padilla (collectively, the "Borrower Defendants") for committing various abuses of the bankruptcy process.

2. At the time when the Borrower Defendants conveyed the Property to 251 Gotham, they had surrendered their entire interest in the Property in an earlier bankruptcy proceeding. As a result of the surrender, neither of the Borrower Defendants had a valid interest in the Property that they could convey to 251 Gotham.

3. In addition, at the time of the conveyance of the Property to 251 Gotham and at the time of Plaintiff's *Original Complaint* (*see* Doc. No. 1), Padilla was a debtor in a subsequent and separate chapter 13 bankruptcy case pending in this judicial district. In connection with his pending bankruptcy case, Padilla never listed on his bankruptcy schedules or otherwise disclosed possessing any interest in the Property. Accordingly, in the alternative, to the extent Padilla possessed any interest in the Property at the time of the conveyance to 251 Gotham, notwithstanding his earlier surrender, that interest may have been property of the estate in his subsequent and separate chapter 13 bankruptcy case. Therefore, because Padilla did not obtain an order from the U.S. Bankruptcy Court for the Southern District of Alabama (the "Bankruptcy Court"), in his subsequent and separate chapter 13 case approving the conveyance of the Property to 251 Gotham, the conveyance is null and void and without authorization.

4. Plaintiff seeks declaratory and related relief that 251 Gotham did not receive any interest in the Property by virtue of the Borrower Defendants' attempted conveyance to it because the Borrower Defendants surrendered their interests in the Property during their joint bankruptcy, that such interests remain surrendered, that they possessed no interest in the Property at the time

of the attempted conveyance, and, as a result, 251 Gotham does not own or possess any interest in the Property. In the alternative, Plaintiff seeks further declaratory and related relief that 251 Gotham did not receive any interest in the Property by virtue of the Borrower Defendants' attempted conveyance to 251 Gotham because Padilla's purported conveyance of an interest in the Property to 251 Gotham is null and void because any interest in the Property that Padilla might have had may be part of the bankruptcy estate in his subsequent and separate chapter 13 case, and the attempted conveyance to 251 Gotham was made without Bankruptcy Court approval under section 363(b) of the Bankruptcy Code.

## II.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it concerns the interpretation and application of federal statutes in title 11 of the United States Code (the "Bankruptcy Code").

6. This Court also has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1334(b) because this constitutes a civil proceeding "related to" the: (a) chapter 13 bankruptcy case of the Borrower Defendants, *see In re Kathy LaFortune and James Padilla*, Case No. 11-bk-04954, in the Bankruptcy Court (the "Joint Bankruptcy Case"); and (b) the chapter 13 bankruptcy case of Padilla, *see In re James Padilla*, Case No. 16-bk-01857, pending in the Bankruptcy Court at the time this action commenced (the "Padilla Bankruptcy Case"). *See* 28 U.S.C. § 1334(b).

7. This Court further has exclusive jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1334(e)(1) because, to the extent Padilla had not irrevocably surrendered any interest in the Property prior to the conveyance to 251 Gotham, any such interest may have been property of the estate in the Padilla Bankruptcy Case. The Padilla Bankruptcy Case was pending in this judicial district when this action was commenced, and pursuant to section 1334(e)(1), "[t]he district court

in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—*of all the property, wherever located, of the debtor as of the commencement of such case*, and of property of the estate." 28 U.S.C. § 1334(e)(1) (emphasis added).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

9. The relief requested in this Complaint is based upon 28 U.S.C. §§ 2201 and 2202, and involves the application and interpretation of 11 U.S.C. §§ 105(a), 363(b), 521(a)(2) (a)(4), 541, 1325(a)(5)(C), and 1327.

## III.
## PARTIES

10. *Plaintiff* – Plaintiff is a common law trust formed under the laws of the State of New York, acting through its trustee, The Bank of New York Mellon f/k/a The Bank of New York (the "Trustee"), which is a New York state-chartered bank with headquarters located at 240 Greenwich Street New York, NY 10286. The Trustee, in turn, acts through Bayview Loan Servicing LLC ("Bayview") as mortgage servicer for the Property and authorized agent for the Trustee.

11. *Defendant 251 Gotham* – 251 Gotham is a limited liability company organized under the laws of New York with its principal place of business located at, on information and belief, 18-65B Steinway Street, Suite 4, Astoria, New York 11105. 251 Gotham may be served with process through its registered agent, The Limited Liability Company, located at 18-65B Steinway Street, Astoria, New York 11105, or in accordance with the applicable Federal Rules of Civil Procedure.

12. *Defendant LaFortune* – LaFortune is an individual and, on information and belief, is a resident of Alabama. LaFortune may be served with process at her residence located at 1252

4

Dauphin Street, Mobile, Alabama, wherever else she may be found, or in accordance with the applicable Federal Rules of Civil Procedure.

13. *Defendant Padilla* – Padilla is an individual and, on information and belief, is a resident of Alabama. Padilla may be served with process at his residence located at 202 Greenbriar Circle North, Daphne, Alabama 36526, wherever else he may be found, or in accordance with the applicable Federal Rules of Civil Procedure.

## IV.
## BACKGROUND

**A.     The Mortgage Transaction**

14.     On or about December 19, 2006, LaFortune executed a promissory note in the principal sum of $316,000.00 (including all addendums thereto, the "Note") made payable to American Brokers Conduit. Attached hereto as **Exhibit A** and incorporated herein by reference is a true and correct copy of the Note.

15.     The Note is secured by a recorded Mortgage (the "Mortgage") executed by the Borrower Defendants encumbering the Property. The Mortgage was recorded in the real property records of Nassau County, New York on December 28, 2006. Attached hereto as **Exhibit B** and incorporated herein by reference is a true and correct copy of the Mortgage.

16.     Mortgage Electronic Registration Systems, Inc. ("MERS") acted as nominee of the lender and the lender's successors in the Mortgage. The Mortgage was assigned from MERS to Plaintiff by assignment (the "Assignment") dated April 22, 2009, which was recorded in the real property records of Nassau County, New York on April 30, 2009. Attached hereto as **Exhibit C** and incorporated herein by reference is a true and correct copy of the Assignment.

17.     Plaintiff is the owner and holder of the Note and the mortgagee under the Mortgage.

**B. The Joint Bankruptcy Case**

18. On December 2, 2011, the Borrower Defendants commenced the Joint Bankruptcy Case by filing a chapter 13 petition with the Bankruptcy Court. *See* Case No. 11-bk- 04954 at Dkt. No. 1.

19. The Borrower Defendants' schedules filed in the Joint Bankruptcy Case listed an ownership interest in the Property. *See* Case No. 11-bk-04954 at Dkt. No. 1, p. 20.

20. On December 2, 2011, the Borrower Defendants filed their chapter 13 plan in the Joint Bankruptcy Case. *See* Case No. 11-bk-04954 at Dkt. No. 2. The Borrower Defendants' chapter 13 plan provided for surrender of the Property. *See* Case No. 11-bk-04954 at Dkt. No. 2, p. 3.

21. On April 30, 2012, the Bankruptcy Court entered an order confirming the Borrower Defendants' chapter 13 plan in the Joint Bankruptcy Case. *See* Case No. 11-bk-04954 at Dkt. No. 18. Upon confirmation of the Borrower Defendants' chapter 13 plan, their interest in the Property was surrendered, and they no longer possessed an ownership interest in the Property.

22. On April 25, 2016, Padilla filed a motion to be dismissed from the Joint Bankruptcy Case. *See* Case No. 11-bk-04954 at Dkt. No. 61.

23. On June 16, 2016, the Bankruptcy Court entered an order dismissing Padilla from the Joint Bankruptcy Case. *See* Case No. 11-bk-04954 at Dkt. No. 73. The Bankruptcy Court's June 16, 2016 order also provided that: "The case remains pending as to debtor Kathy Lafortune." *Id.*

24. LaFortune was never dismissed from the Joint Bankruptcy Case. She completed her chapter 13 plan and received a discharge on May 11, 2017. *See* Case No. 11-bk-04954 at Dkt. No. 101. The Joint Bankruptcy Case was closed on June 8, 2017. *See* Case No. 11-bk-04954 at Dkt. No. 103.

**C.     The Padilla Bankruptcy Case**

25.     On June 7, 2016, after being dismissed from the Joint Bankruptcy Case, Padilla commenced the Padilla Bankruptcy Case by filing a chapter 13 petition with the Bankruptcy Court. *See* Case No. 16-bk-01857 at Dkt. No. 1.

26.     Padilla's original and amended bankruptcy schedules filed in the Padilla Bankruptcy Case did not list an interest in the Property. *See* Case No. 16-bk-01857 at Dkt. Nos. 1 and 23.

27.     To the extent Padilla retained any interest in the Property following his surrender of the Property in the Joint Bankruptcy Case, he never disclosed that interest in the Padilla Bankruptcy Case and he never sought approval from the Bankruptcy Court to convey his alleged interest in the Property to 251 Gotham.

28.     As of the date Plaintiff commenced this action, the Padilla Bankruptcy Case remained pending in the Bankruptcy Court.

**D.     The Borrower Defendants' Purported Conveyance of the Property to 251 Gotham**

29.     On or about February 23, 2018, while the Padilla Bankruptcy Case remained pending, the Borrower Defendants purported to convey the Property to 251 Gotham by executing and acknowledging a document titled "Bargain and Sale Deed, with Covenant against Grantor's Acts — Individual or Corporation (Single Sheet)" (the "Deed"). The Deed purported to forever convey "all right, title and interest" of the Borrower Defendants in the Property to 251 Gotham.

30.     On information and belief, the consideration paid by 251 Gotham in exchange for the purported conveyance of the Property from the Borrower Defendants was $25,000.

31.     On May 10, 2018, the Deed was recorded in the Nassau County, New York real property records.

# V.
# CLAIMS FOR RELIEF

**COUNT 1** – *Declaratory and Injunctive Relief – Rescinding the Purported Deed from Borrower Defendants to 251 Gotham Because the Borrower Defendants' Interests in the Property were Surrendered in the Joint Bankruptcy Case*

32. Plaintiff repeats and re-alleges Paragraphs 1–31 of this Complaint as if fully set forth herein.

33. The Borrower Defendants' chapter 13 plan in the Joint Bankruptcy Case required them to surrender all of their entire interest in the Property.

34. The Bankruptcy Court entered an order confirming the Borrower Defendants' chapter 13 plan.

35. Upon the Bankruptcy Court's entry of the order confirming the Borrower Defendants' chapter 13 plan, all of the Borrower Defendants' interests in the Property became irrevocably surrendered.

36. The Borrower Defendants' interests in the Property remained surrendered following Padilla's dismissal from the Joint Bankruptcy Case.

37. The Borrower Defendants' interests in the Property remained surrendered following LaFortune's completion of the chapter 13 plan in the Joint Bankruptcy Case.

38. The Borrower Defendants' interests in the Property remained surrendered following the Joint Bankruptcy Case being closed.

39. At the time of the purported conveyance of the Property from the Borrower Defendants to 251 Gotham, the Borrower Defendants had already surrendered their interests in the Property and had no interest in the Property to convey to 251 Gotham.

40. Because the Borrower Defendants had already irrevocably surrendered their entire interests in the Property, the purported conveyance of the Property to 251 Gotham is null and void, without any legal effect.

41. Plaintiff is entitled to declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 that: (a) the Borrower Defendants irrevocably surrendered their entire interest in the Property in the Joint Bankruptcy Case; (b) the Borrower Defendants' purported conveyance of the Property to 251 Gotham through the Deed is null and void, without any legal effect; (c) 251 Gotham possesses no interest in the Property through the Deed or otherwise; and (d) the Deed from the Borrower Defendants to 251 Gotham must be rescinded because it clouds title to the Property.

**COUNT 2** – *Declaratory and Injunctive Relief – Rescinding the Deed from Borrower Defendants to 251 Gotham Because Padilla had no Interest in the Property to Convey to 251 Gotham, and Padilla Lacked Authority or Approval to Enter into the Deed Transaction*

42. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1–31 of this Complaint as if fully set forth herein.

43. In the alternative, to the extent Padilla possessed any interest in the Property at the time he commenced the Padilla Bankruptcy Case, notwithstanding his surrender of his interest in the Joint Bankruptcy Case, all of his non-exempt assets and any interest in the Property he might claim he may have had become part of his bankruptcy estate in the Padilla Bankruptcy Case. *See* 11 U.S.C. § 541. Padilla never obtained approval from the Bankruptcy Court to convey any interest he may have had in the Property to 251 Gotham.

44. Moreover, Padilla's schedules filed in the Padilla Bankruptcy Case did not list an interest in the Property.

45. Padilla therefore could not convey to Gotham 251 any unlisted and undisclosed interest in the Property he may have had pursuant to 11 U.S.C. § 363(c).

46. To the extent that Padilla had any interest in the Property as of the commencement of the Padilla Bankruptcy Case, Padilla's purported conveyance of any such interest in the Property he may have had through the Deed to 251 Gotham did not comply with section 363 of the Bankruptcy Code, and the purported conveyance was therefore null and void, without any legal effect.

47. Plaintiff is entitled to declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 that (a) any interest in the Property that Padilla may have had at the commencement of the Padilla Bankruptcy Case became part of his bankruptcy estate; (b) Padilla's purported conveyance of whatever interest he may have had in the Property to 251 Gotham through the Deed is null and void, without any legal effect; (c) Gotham 251 currently possesses no interest in the Property through the Deed or otherwise; and (d) the Deed from the Borrower Defendants to 251 Gotham must be rescinded because it clouds title to the Property.

**COUNT 3 –** *Contempt Sanctions Against the Borrower Defendants for Abuse of Bankruptcy Process*

48. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1–31 of this Complaint as if fully set forth herein.

49. Section 1327 of the Bankruptcy Code provides as follows: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327.

50. Pursuant to section 1327, the Borrower Defendants were bound by the terms of the confirmed plan in the Joint Bankruptcy Case that provided for the surrender of the Property to

Plaintiff. The Borrower Defendants' transfer of the Property to 251 Gotham in contravention of the terms of their confirmed plan in the Joint Bankruptcy Case was in violation of section 1327.

51. The Borrower Defendants' transfer of the Property to 251 Gotham in contravention of the terms of their confirmed plan in the Joint Bankruptcy Case was also in violation of the Bankruptcy Court's orders confirming the plan in the Joint Bankruptcy Case.

52. To the extent Padilla possessed any interest in the Property at the time he commenced the Padilla Bankruptcy Case, notwithstanding his surrender of his interest in the Joint Bankruptcy Case, all of his non-exempt assets and any interest in the Property he might claim he may have had become part of his bankruptcy estate in the Padilla Bankruptcy Case. *See* 11 U.S.C. § 541. Padilla never obtained approval from the Bankruptcy Court to convey any interest he may have had in the Property to 251 Gotham.

53. Padilla also had a duty to disclose in the Padilla Bankruptcy Case the extent of his interest in the Property, to the extent he had any, as well as the post-bankruptcy receipt of funds that 251 Gotham paid to him in exchange for selling the Property. Padilla's obligation to make these disclosures remained throughout the duration of the Padilla Bankruptcy Case, yet Padilla never disclosed an interest in the Property or the funds he received from selling the Property.

54. Padilla also never sought or obtained approval from the Bankruptcy Court as required under section 363(c) of the Bankruptcy Code to sell the Property while the Padilla Bankruptcy Case was pending. Likewise, Padilla never sought or obtained approval from the Bankruptcy Court to retain the funds he received from 251 Gotham in exchange for selling the Property while his bankruptcy was pending.

55. The Borrower Defendants thus violated multiple provisions of the Bankruptcy Code and Rules, their confirmed Chapter 13 plan in the Joint Bankruptcy Case, the order confirming their plan and order directives and orders of the Bankruptcy Court.

56. Had Padilla disclosed his interest in the Property or the intended sale to 251 Gotham, Plaintiff would have had the opportunity to object to such sale and/or assert the right to payment from the sale proceeds. Instead, Plaintiff was paid nothing from the sale and has been forced to incur significant cost and expense, including attorneys' fees, in litigation in both the instant lawsuit and in New York with 251 Gotham regarding the Property. The Borrower Defendants' violations, disregard, and abuses of the Bankruptcy Code have therefore caused Plaintiff harm.

57. All the while, the Borrower Defendants obtained the benefits of the automatic stay under section 362 preventing Plaintiff from exercising its rights at various times during the bankruptcies.

58. Title 11 U.S.C. § 105(a) of the Code grants power to the Court to remedy the Borrower Defendants' violations and abuses of numerous sections of Chapter 13 and aspects of the bankruptcy process. Section 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Bankruptcy Code provisions, including the granting of sanctions for contempt, the granting of monetary relief for actual and statutory damages, punitive damages, attorneys' fees and costs, and the imposition of temporary and permanent injunctions.

59. The Borrower Defendants' acts were knowing and willful violations of their confirmed plan, the orders confirming the plan, other orders of the Court, the provisions of Bankruptcy Code, and the Bankruptcy Rules. The Borrower Defendants knew of the existence of

these provisions, their acts were intentional, and the acts alleged herein violated the provisions and purposes of the Bankruptcy Code set forth herein.

60. Plaintiff has suffered damages due to the Borrower Defendants' actions, including actual damages, incidental damages, and attorneys' fees and costs in attempting to rectify the Borrower Defendants' violations and abuses.

61. Plaintiff asks this Court to find that Borrower Defendants' actions in concealing and conveying the Property without Bankruptcy Court approval, concealing the funds received from 251 Gotham in exchange for the sale in the Padilla Bankruptcy Case, and conveying the Property in contravention of its surrender in a confirmed plan in the Joint Bankruptcy Case constitute an abuse of process. Plaintiff further asks that this Court hold the Borrower Defendants in civil contempt. Based upon such findings, and under the Bankruptcy Court's inherent powers and 11 U.S.C. § 105(a), Plaintiff seeks an award of sanctions, declaratory and injunctive relief, actual damages, punitive damages, and attorneys' fees and costs.

## VI.
## ATTORNEYS' FEES

62. Pursuant to the terms and conditions of the Mortgage, Plaintiff is entitled to recover its reasonable and necessary attorneys' fees and costs in protecting its interest in the Property to the extent it prevails upon the claims pleaded in this Complaint. *See* Ex. B. Plaintiff requests that the Borrower Defendants be ordered to make payment of these amounts.

# VII.
# PRAYER

WHEREFORE, Plaintiff demands judgment in its favor on all counts alleged herein against the Defendants and requests the Court grant the following relief:

a. Entering a declaratory judgment that the Borrower Defendants' purported conveyance of the Property to 251 Gotham through the Deed is null and void, without any legal effect;

b. Entering a declaratory judgment that 251 Gotham possesses no interest in the Property through the Deed or otherwise;

c. Entering a judgment granting injunctive relief that the Deed from the Borrower Defendants to 251 Gotham must be rescinded and that 251 Gotham is further enjoined from taking any further action in connection with a purported interest in the Property;

d. Entering a judgment granting injunctive relief preventing the Borrower Defendants from making further attempts to convey the Property to 251 Gotham or any other third-party, and preventing the Borrower Defendants from taking any further actions inconsistent with their surrender of the Property in the Joint Bankruptcy Case, including further contesting or interfering with Plaintiff's enforcement of its rights against the Property.

e. Entering an award of monetary sanctions against Borrower Defendants arising from their contempt of the orders of this Court;

f. Approving Plaintiff's recovery of reasonable and necessary attorneys' fees and costs; and

g. Granting such other and further relief that Plaintiff is entitled to and that the Court deems just and proper under the circumstances.

**DATED** August 6, 2019.

Respectfully Submitted,

**LOCKE LORD LLP**

*/s/ Thomas A. Connop*
Brendan I. Herbert (*pro hac vice forthcoming*)
Florida Bar No. 76925
Michael De Simone (*admitted pro hac vice*)
Florida Bar No. 119739
777 South Flagler Drive, Suite 215-East
West Palm Beach, Florida 33401
(561) 833-7700 (Telephone)
(561) 655-8719 (Facsimile)
brendan.herbert@lockelord.com
michael.desimone@lockelord.com

Thomas A. Connop (*admitted pro hac vice*)
Texas Bar No. 04702500
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)
tconnop@lockelord.com

Stephen J. Humeniuk (*admitted pro hac vice*)
Texas Bar No. 24087770
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
stephen.humeniuk@lockelord.com

**COUNSEL TO PLAINTIFF THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATION OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-J2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-J2**

## **CERTIFICATE OF SERVICE**

      I certify that on August 6, 2019, the forgoing document was served on all counsel of record identified below via this Court's CM/ECF filing system.

Mark S. Anderson
SHIRAK, BOWMAN, ANDERSON,
GILL & KADOCHNIKOV, LLP
80-02 Key Gardens Rd., Suite 600
New Gardens, NY 11415
manderson@abzlaw.com
***Counsel for Defendant 251 Gotham, LLC***

                                                */s/ Stephen J. Humeniuk*
                                                Stephen J. Humeniuk